IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENEEN EVANS,<br><br>    Plaintiff;<br><br>v.<br><br>PENN HIGHLANDS HEALTHCARE;<br><br>    Defendant. | **JURY TRIAL DEMANDED**<br><br>Civil Action<br><br>Case No.  2:21-cv-1635 |

## CIVIL ACTION COMPLAINT

Plaintiff, Deneen Evans, by and through her undersigned counsel, files this Complaint averring that Defendant, Penn Highlands Healthcare, violated her rights pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* (the "ADA"), the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (the "FMLA"), the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (the "ADEA"), and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* (the "PHRA").

### Parties and Jurisdiction

1. Plaintiff, Deneen Evans ("Plaintiff"), is an adult individual residing in Punxsutawney, Jefferson County, Pennsylvania.

2. Upon information and belief, Defendant, Penn Highlands Healthcare ("Defendant"), is a Pennsylvania non-profit corporation with its headquarters located at 204 Hospital Avenue, DuBois, Jefferson County, Pennsylvania 15801.

3. Defendant does substantial business in this District with a business address located at 100 Hospital Avenue, DuBois, Jefferson County, Pennsylvania 15801.

4. At all times material hereto, Plaintiff was employed with and by Defendant at its 100 Hospital Avenue, DuBois, Jefferson County, Pennsylvania 15801 location.

5. At all times material hereto, Defendant was Plaintiff's employer and acted by and through its agents, servants, and employees, each of whom acted in the course and scope of their employment with and for Defendant.

6. Plaintiff exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act. *See Exhibit A*, a true and correct copy of the "Notice of Rights" issued by the Equal Employment Opportunity Commission.

7. Plaintiff exhausted her administrative remedies pursuant to the Pennsylvania Human Relations Commission ("PHRC") as Plaintiff dually-filed her Charge of Discrimination with the PHRC on or about October 01, 2020 and, therefore, the one-year period of PHRC exclusive jurisdiction has expired.

8. This action is initiated pursuant to federal statutes, *i.e.*, the ADA, the FMLA, and the ADEA.

9. Jurisdiction is conferred by 28 U.S.C. § 1331 and § 1343.

10. Supplemental jurisdiction over Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

11. Venue is properly laid in this District because Defendant conducts business in this District and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in this District. 28 U.S.C. §§ 1391(b)(1) and (b)(2). Plaintiff was working in the Western District of Pennsylvania at the time of the illegal conduct by Defendant, as set forth herein.

**Factual Background**

12. In or around April of 2009, Plaintiff became employed by Defendant.

13. Plaintiff held the position as Certified Ophthalmic Technician/Surgical Scheduler.

14. Plaintiff earned approximately $18.86 per hour and worked full-time, approximately forty hours per week.

15. Plaintiff suffered from herniated disc, disc degenerative disease and spinal stenosis, among other medical conditions, which required her to undergo back surgery.

16. On or about April 13, 2020, Plaintiff was approved for medical leave pursuant to the FMLA for a period beginning April 30, 2020 through July 30, 2020 due to her required back surgery.

17. On or about April 16, 2020, Plaintiff was informed by Diane Straitaiff, Benefits Director for Defendant, that Plaintiff was furloughed and the benefits of FMLA would not be effective until the furlough was lifted.

18. On or about June 25, 2020, Plaintiff received a phone call from Amber Weis, Human Resource Director for Defendant, that her position was being eliminated and Plaintiff was terminated.

19. At the time of Plaintiff's termination, Plaintiff was 56 years of age.

20. Of the furloughed employees in Plaintiff's department, Plaintiff was the only employee who was not returned to work.

21. Plaintiff's job duties and responsibilities were given to another employee who was approximately 38 years of age.

## Causes of Action

### Count I
### Disability Discrimination in Violation of the ADA

22. Plaintiff repeats and incorporates by way of reference each and every allegation contained in the previous paragraphs as if fully set forth herein.

23. At all times material hereto, Plaintiff was a "qualified individual" pursuant to the ADA.

24. At all times material hereto, Plaintiff has a "disability" pursuant to the ADA.

25. At all times material hereto, Plaintiff was able to perform the essential functions of her position with or without an accommodation.

26. Plaintiff's disability was a motivating factor in Defendant's decision to place Plaintiff on furlough and/or terminate her employment.

27. Defendant's decision to place Plaintiff on furlough and/or terminate her employment was a materially adverse employment action prohibited by the ADA.

28. As a result of Defendant's intentional, malicious, and/or reckless indifference to Plaintiff's rights, Plaintiff demands punitive damages.

29. Any non-discriminatory reason(s) offered by Defendant for placing Plaintiff on furlough and/or terminating her employment is pretextual.

30. Pursuant to the ADA, Plaintiff demands attorneys' fees and costs.

## Count II
### Interference With or Denial of Plaintiff's Right to Take Leave in Violation of the FMLA

31. Plaintiff repeats and incorporates by way of reference each and every allegation contained in the previous paragraphs as if fully set forth herein.

32. Plaintiff was entitled to the protections or benefits of the FMLA.

33. Plaintiff's medical condition qualified as a "serious health condition" pursuant to the FMLA.

34. Plaintiff worked for Defendant for the requisite length of time to qualify as an "eligible employee" pursuant to the FMLA.

35. At all times relevant hereto, defendant employed fifty or more employees within a seventy-five-mile radius and, therefore, qualifies as an "employer" pursuant to the FMLA.

36. In placing Plaintiff on furlough and/or terminating Plaintiff's employment prior to her leave beginning, Defendant interfered with, restrained, or denied Plaintiff's entitlement to medical leave in violation of the FMLA.

37. As a direct and proximate result of Defendant's violation, Plaintiff suffered and continues to suffer damages.

38. Any non-discriminatory reason(s) offered by Defendant for placing Plaintiff on furlough and/or terminating her employment is pretextual.

39. Pursuant to the FMLA, Plaintiff demands liquidated damages.

40. Pursuant to the FMLA, Plaintiff demands attorneys' fees and costs.

## Count III
### Age Discrimination in Violation of the ADEA

41. Plaintiff repeats and incorporates by way of reference each and every allegation contained in the previous paragraphs as if fully set forth herein.

42. At all times material hereto, Plaintiff was greater than 40 years of age, thereby a member of the class protected by the ADEA.

43. Plaintiff's age was the reason Defendant decided to place Plaintiff on furlough and/or terminate her employment.

44. Defendant's decision to place Plaintiff on furlough and/or terminate her employment was a materially adverse employment action prohibited by the ADEA.

45. Defendant acted intentionally, maliciously, and/or willfully, therefore, liquidated damages are warranted.

46. Any non-discriminatory reason(s) offered by Defendant for placing Plaintiff on furlough and/or terminating her employment is pretextual.

47. As a direct and proximate result of Defendant's violation, Plaintiff suffered and continues to suffer damages.

48. Pursuant to the ADEA, Plaintiff demands attorneys' fees and costs.

## Count IV
### Disability Discrimination in Violation of the PHRA

49. Plaintiff repeats and incorporates by way of reference each and every allegation contained in the previous paragraphs as if fully set forth herein.

50. At all times material hereto, Plaintiff has a "disability" pursuant to the PHRA.

51. At all times material hereto, Plaintiff was able to perform the essential functions of her job with or without an accommodation.

52. Plaintiff's disability was a motivating factor in Defendant's decision to place Plaintiff on furlough and/or terminate her employment.

53. Defendant's decision to place Plaintiff on furlough and/or terminate her employment was a materially adverse employment action prohibited by the PHRA.

54. Defendant acted intentionally and/or maliciously.

55. Any non-discriminatory reason(s) offered by Defendant for placing Plaintiff on furlough and/or terminating her employment is pretextual.

56. Pursuant to the PHRA, Plaintiff demands attorneys' fees and costs.

## Count V
### Age Discrimination in Violation of the PHRA

57. Plaintiff repeats and incorporates by way of reference each and every allegation contained in the previous paragraphs as if fully set forth herein.

58. At all times material hereto, Plaintiff was greater than 40 years of age, thereby a member of the class protected by the PHRA.

59. Plaintiff's age was the reason Defendant decided to place Plaintiff on furlough and/or terminate her employment.

60. Defendant's decision to place Plaintiff on furlough and/or terminate her employment was a materially adverse employment action prohibited by the PHRA.

61. As a direct and proximate result of Defendant's violation, Plaintiff suffered and continues to suffer damages.

62. Any non-discriminatory reason(s) offered by Defendant for placing Plaintiff on furlough and/or terminating her employment is pretextual.

63. Pursuant to the PHRA, Plaintiff demands attorneys' fees and costs.

## Relief Requested

**WHEREFORE**, Plaintiff, Deneen Evans, demands judgment in her favor against Defendant, Penn Highlands Healthcare, in an amount in excess of $75,000.00, together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past and future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, and pain and suffering;

B. Punitive damages;

C. Liquidated damages;

D. Attorneys' fees and costs of suit;

E. Interest, delay damages; and

F. Any other further relief this Court deems just, proper, and equitable.

        Respectfully Submitted,

        **Law Offices of Eric A. Shore, P.C.**

        */s/ Yvette C. Cave*

By:    Yvette C. Cave, Esq.
       PA Atty ID. 329607
       600 N. Jackson St., Ste. 201
       Media, PA  19063
       T: (610) 355-1999 / F: (215) 944-6124
       YvetteC@EricShore.com
       *Counsel for Plaintiff, Deneen Evans*

Dated: November 10, 2021